STATE INDUSTRIAL COURT — MERIT SYSTEM — POWER OF SUPREME COURT The Executive Order of the Governor, dated March 4, 1960, placing the State Industrial Court under the Merit System of Personnel Administration, has lost its legal efficacy and now violates the constitutional power granted the Supreme Court of Oklahoma to exercise general administrative authority over all courts in this state, including the State Industrial Court. The Attorney General has had under consideration your letter of April 22, 1970, wherein you state the Chief Justice authorized you to request an opinion upon the following question: "Did the Governor's Executive Order of March 4, 1960 placing the State Industrial Court under the Merit System of Personnel Administration Act, 74 O.S. 801 [74-801] (1961), et. seq., lose its legal efficacy on January 13, 1969 when the State Industrial Court, following the adoption of State Question No. 448, became a part of the Judicial Department and subject to the Supreme Court's 'general administrative authority over all courts in this State' (Article VII, Section 6 Okl. Const.)?" Article IV, Section 1 Oklahoma Constitution, Provides: "The powers of the government of the State of Oklahoma shall be divided into three separate departments: The Legislative, Executive, and Judicial; and except as provided in this Constitution, the Legislative, Executive, and Judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others." Article VII, Section 1 and Article VII, Section 6 respectively, provide in part: "The judicial power of this State shall be vested in the Senate, sitting as a Court of Impeachment, a Supreme Court, the Court of Criminal Appeals, the Court on the Judiciary, the State Industrial Court, the Court of Bank Review, the Court of Tax Review, and such intermediate appellate courts as may be provided by statute, District Courts, and such Boards, Agencies and Commissions created by the Constitution or established by statute as exercise adjudicative authority or render decisions in individual proceedings.". . ." "Except with reference to the Senate sitting as a Court of Impeachment and the Court on the Judiciary, general administrative authority over all courts in this State, including the temporary assignment of any judge to a court other than that for which he was selected, is hereby vested in the Supreme Court and shall be exercised by the Chief Justice in accordance with its rules. The Supreme Court shall appoint an administrative director and staff, who shall serve at its pleasure to assist the Chief Justice in his administrative duties and to assist the Court on the Judiciary." Title 74 O.S. 802 [74-802] (1961), in pertinent part provides: ". . . . The Governor of the State of Oklahoma, upon determining that the merit system of personnel administration with the rules and regulations adopted thereunder should be required, is hereby empowered and authorized, at his discretion, by an Executive Order, to place any agency or department of the State Government, and the employees thereof,. with under the merit system of personnel administration prescribed by this Act and the rules and regulations promulgated hereunder by the State Personnel Board. . . ." In accordance with the authority granted the Governor in Section 802, above, the Honorable J. Howard Edmondson, on the 4th day of March, 1960, by executive order placed the State Industrial Court under the Merit System of Personnel Administration. Thereafter, July 11, 1967, the people of the State of Oklahoma adopted State Question No. 448, Legislative Referendum No. 164, now the new Article VII, Oklahoma Constitution, a part of which is set out above, placing the State Industrial Court in the Judicial Department, thereby subjecting such court to the general administrative authority of the Supreme Court. It is the opinion of the Attorney General the Executive Order of the Governor, dated March 4, 1960, placing the State Industrial Court under the Merit System of Personnel Administration, has lost its legal efficacy and now violates the constitutional power granted the Supreme Court of Oklahoma to exercise general administrative authority over all courts in this state, including the State Industrial Court. (W. J. Monroe)